UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

C.R., by and through his mother LISA RUSSELL, and LISA RUSSELL,

    Plaintiffs,

    v.

LODI UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. 2:16-cv-00062-MCE-EFB

**MEMORANDUM AND ORDER**

---

Plaintiffs Lisa Russell and her son C.R. ("Plaintiffs") brought this action alleging that Defendants Cathy Nichols-Washer, Pat White, Stephanie Seabourn, Theresa Serface, and the Lodi Unified School District (collectively, "Defendants") mistreated C.R. in violation of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983. Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 14. For the reasons that follow, Defendants' Motion is GRANTED and Plaintiffs' Complaint is DISMISSED with leave to amend.[2]

///

---

[1] All further reference to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

# BACKGROUND[3]

Plaintiff C.R. has been diagnosed as autistic since he was three years old. Despite his disability, he began attending Elkhorn Elementary School ("Elkhorn"), an all-Gifted and Talented Education ("GATE") school in the Lodi Unified School District ("LUSD"), in fourth grade. He was the only disabled student in his fourth grade class. Before he began fourth grade at Elkhorn, C.R.'s mother and representatives from his previous school developed an updated Individualized Education Plan ("IEP") and Behavioral Intervention Plan ("BIP") to be implemented at Elkhorn.

Plaintiffs allege that almost immediately after he began attending Elkhorn, C.R.'s teacher, Defendant Seabourn, and a paraeducator hired to work with him in the class room, Defendant Serface, took numerous steps to ostracize and isolate him from his peers. The alleged actions taken by Defendants Seabourn and Surface purportedly violated C.R.'s IEP and BIP, caused him severe emotional distress, and ultimately led to him developing Post Traumatic Stress Disorder ("PTSD"). Plaintiffs allege that despite his mother's repeated complaints to administrators such as Defendants White and Nichols-Washer, Serface and Seabourn's ostracism and isolation of C.R. continued.

Eventually, C.R.'s mother removed him from Elkhorn and filed this lawsuit. Plaintiffs seek damages of at least $100,000 on six different claims for relief. Three of those claims are brought under Section 504 of the Rehabilitation Act ("Section 504"), one under Title II of the Americans with Disabilities Act ("ADA"), and two under 42 U.S.C. § 1983 ("Section 1983"). The Complaint contains no allegation that Plaintiffs attempted to resolve the dispute through administrative proceedings with Defendant LUSD. By way of their Motion, Defendants seek dismissal of all of Plaintiffs' claims for failure to exhaust their administrative remedies.

///

///

---

[3] The following recitation of facts is taken entirely from Plaintiffs' Complaint. ECF No. 1.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiffs' claims for relief and supporting factual allegations are largely directed at Defendants' purported denial of a free, appropriate public education ("FAPE") to C.R.  As such, Plaintiffs' claims are intertwined with the Individuals with Disabilities Education Act ("IDEA").  See 20 U.S.C. § 1400 et seq.  Courts in this circuit consistently hold that claims intertwined with the IDEA must satisfy IDEA's administrative exhaustion requirement.  Because Plaintiffs have made no allegation regarding administrative exhaustion, the Court dismisses their Complaint in its entirety with leave to amend.

A claim arises under the IDEA if it seeks "to enforce rights that arise as a result of a denial of a FAPE." C.O. v. Portland Public Schools, 679 F.3d 1162, 1168 (9th Cir. 2012). A claim seeks to enforce rights that arise from the alleged denial of a FAPE if the claim is grounded in the failure of a defendant to properly implement an IEP. See J.W. ex rel. J.E.W. v. Fresno Unified School Dist., 626 F.3d 431, 432 (9th Cir. 2010) ("[A] school district, in creating and implementing the IEP, can run afoul of the Act's procedural requirements." (emphasis added)); see also D.D. ex rel. V.D. v. New York City Bd. Of Educ., 465 F.3d 503, 512 (2d Cir. 2006) ("The term 'free appropriate public education' is defined in part as "special education and related services that . . . are provided in conformity with the individualized education program required under [the IDEA]." (citation omitted)). This is true regardless of whether a plaintiff explicitly asserts an IDEA claim or seeks damages under a statute such as Section 504. Payne v. Peninsula School Dist., 653 F.3d 863, 875 (9th Cir. 2011).

The IDEA requires an aggrieved party to exhaust its administrative remedies under the IDEA before resorting to a lawsuit. 20 U.S.C. § 1415(l). Accordingly, a plaintiff must exhaust its administrative remedies under the IDEA in order to bring any claim that seeks to enforce rights that arise as a result of a failure to implement a child's IEP. A defendant may challenge a failure to exhaust administrative remedies under Rule 12(b)(6) when the failure to exhaust is clear on the face of the complaint. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, Defendants' Rule 12(b)(6) challenged based on Plaintiffs' failure to exhaust administrative remedies is well-taken. First, Plaintiffs' claims here are predominately premised on Defendants' failure to properly implement C.R.'s IEP and BIP. The Complaint mentions Defendants' failure to implement C.R.'s IEP and BIP on numerous occasions. E.g., ECF No. 1 at ¶¶ 16, 18, 31, 34, 38, 40, 44, 49. Indeed, Plaintiffs' own opposition admits that their claims "relate to the Defendants' failure to follow the IEP . . . ." ECF No. 15 at 14:7-8. The only logical inference is that Plaintiffs' claims arise, at least in part if not in whole, under the IDEA. See J.W. ex rel. J.E.W., 626 F.3d

1  at 432.  Second, by incorporating every preceding allegation in the Complaint into each
2  individual claim for relief, Plaintiffs have made it impossible for the Court to parse
3  Plaintiffs' IDEA-based allegations from Defendants' other alleged misconduct in order to
4  evaluate the extent to which Plaintiffs' claims are subject IDEA's exhaustion provisions.
5  See e.g., id. at ¶ 62.
6       Finally, the fact that the Complaint completely fails to address exhaustion,
7  combined with Plaintiffs' insistence that exhaustion is not required, suggests that
8  exhaustion did not occur.  As Defendants' persuasively argue, Plaintiffs should not be
9  allowed to plead around exhaustion by failing to address it entirely.  If this Court allowed
10 Plaintiffs to do so, this case could proceed to discovery—at potentially great cost to
11 Defendants—only to potentially be dismissed at summary judgment for failure to
12 exhaust.
13      Plaintiffs can address the Complaint's deficiencies in at least two ways.  First,
14 Plaintiffs can properly plead exhaustion if in fact they engaged in the administrative
15 process with Defendant LUSD.  Alternatively, Plaintiffs can redraft the Complaint to
16 allege claims under Section 1983, Section 504, and the ADA that are not dependent on
17 the failure to implement C.R.'s IEP and BIP.  The Complaint is therefore DISMISSED
18 with leave to amend.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Plaintiffs' Complaint (ECF No. 1) is DISMISSED with leave to amend. Plaintiffs may file a First Amended Complaint no later than twenty-one (21) days from the date this Order is electronically filed. If Plaintiffs decline to file a First Amended Complaint within that time period, the case will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 24, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE