UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

C.R., by and through his mother LISA RUSSELL, and LISA RUSSELL,

Plaintiffs,

v.

LODI UNIFIED SCHOOL DISTRICT, et al.,

Defendants.

No. 2:16-cv-00062-MCE-EFB

**MEMORANDUM AND ORDER**

Plaintiffs Lisa Russell and her son, C.R. ("Plaintiffs"), brought this action alleging that Defendants Cathy Nichols-Washer, Pat White, Stephanie Seabourn, Theresa Serface, and the Lodi Unified School District (collectively, "Defendants") mistreated C.R. in violation of the Rehabilitation Act, the American with Disabilities Act, and 42 U.S.C. § 1983. Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 20. For the following reasons, Defendants' Motion is GRANTED and Plaintiffs' First Amended Complaint ("FAC") is DISMISSED with final leave to amend.[2]

---

[1] All further reference to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[3]

Plaintiff C.R. was diagnosed with autism when he was three years old. Despite his disability, in the fourth grade he began attending Elkhorn Elementary School ("Elkhorn"), an all-Gifted and Talented Education ("GATE") school in the Lodi Unified School District ("LUSD"). He was the only disabled student in his fourth grade class. Before he began the fourth grade at Elkhorn, C.R.'s mother and representatives from his previous school developed an updated Individualized Education Plan ("IEP") and Behavioral Intervention Plan ("BIP") to be implemented at Elkhorn.

Plaintiffs allege that almost immediately after he began attending Elkhorn, C.R.'s teacher, Defendant Seabourn, and a paraeducator hired to work with C.R. in the classroom, Defendant Serface, took numerous steps to ostracize and isolate him from his peers. The alleged actions taken by Defendants Seabourn and Serface purportedly violated C.R.'s IEP and BIP, caused him severe emotional distress, and ultimately led to him developing Post Traumatic Stress Disorder ("PTSD"). Plaintiffs allege that despite his mother's repeated complaints to administrators such as Defendants White and Nichols-Washer, Serface and Seabourn's ostracism and isolation of C.R. continued.

Eventually, C.R.'s mother removed him from Elkhorn and filed the present lawsuit on January 11, 2016. Plaintiffs' original complaint alleged six claims for relief: three under Section 504 of the Rehabilitation Act ("Section 504"), one under Title II of the Americans with Disabilities Act ("ADA"), and two under 42 U.S.C. § 1983 ("Section 1983"). The Court dismissed Plaintiffs' original complaint because Plaintiffs failed to plead exhaustion under the Individuals with Disabilities Education Act ("IDEA"). The Court reasoned that even though Plaintiffs' claims were brought under Section 504, the ADA, and Section 1983—and not under the IDEA—all claims nonetheless relate to the design and or implementation of a special education student's educational program, and

---

[3] The following recitation of facts is taken from Plaintiffs' First Amended Complaint, ECF No. 19 (refiled at ECF No. 28 per Court Order), and from a general review of the docket.

therefore exhaustion under the IDEA is a prerequisite to filing suit. The Court granted leave to amend with instructions to Plaintiffs to amend by either (1) alleging exhaustion under the IDEA, or (2) alleging claims under Section 1983, Section 504, and the ADA that are not dependent on Defendants' failure to implement C.R.'s IEP and BIP.

On September 12, 2016, Plaintiffs filed their FAC. ECF No. 19, refiled at ECF No. 28 per Court order. In the FAC, Plaintiffs re-allege five of their six previous causes of action: three under Section 504, one under the ADA, and one under Section 1983.[4] By way of the motion presently before the Court, Defendants again seek dismissal of all of Plaintiffs' claims for failure to exhaust administrative remedies.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a

---

[4] Plaintiffs previously conceded that a Section 1983 claim does not lie against the school district and withdrew their sixth claim.

right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendants raise one primary argument for dismissal of Plaintiffs' FAC: that Plaintiffs have again failed to allege exhaustion of administrative remedies under the IDEA. Indeed, Plaintiffs' FAC is strikingly similar to their initial complaint, which was dismissed for the same reason. As indicated in the Court's prior order, and as has been made more clear by Plaintiffs' FAC and present opposition, Plaintiffs have all-but conceded that exhaustion did not occur.[5] Nevertheless, Plaintiffs could have amended by alleging claims under Section 1983, Section 504, and the ADA that are not dependent on Defendants' failure to implement C.R.'s IEP and BIP. Rather than redrafting the complaint to state claims under the governing law not tied to implementation of C.R.'s IEP and BIP, Plaintiffs again argue that exhaustion is not required because the remedies they seek—specifically, damages for past instances of disability discrimination, harassment, and retaliation—are not available under the IDEA.[6]

The Court has already rejected this argument. Even assuming exhaustion is not a requirement if the remedies sought are not available under the IDEA, exhaustion is nevertheless required if a plaintiff seeks "to enforce rights that arise as a result of a denial of [FAPE], whether plead as an IDEA claim or any other claim that relies on the

---

[5] The FAC contains no allegation that Plaintiffs attempted to resolve the dispute through administrative proceedings with Defendant LUSD, nor have Plaintiffs argued in either of their oppositions to Defendants' motions for summary judgment that they did in fact exhaust administrative remedies before filing suit.

[6] The Court acknowledges Plaintiffs' preliminary argument that failure to exhaust is not properly raised in a motion to dismiss. As the Court has already ruled, however, a defendant may challenge a failure to exhaust administrative remedies under Rule 12(b)(6) when the failure to exhaust is clear on the face of the complaint. A motion to dismiss is appropriate where, as here, there is no question of fact regarding exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

5

denial of FAPE to provide the basis for the cause of action . . . ." Payne v. Peninsula School Dist., 653 F.3d 863, 875 (9th Cir. 2011). In granting the previous motion to dismiss, the Court explained that a claim seeks to enforce rights that arise from the alleged denial of a FAPE if the claim is grounded in the failure of a defendant to properly implement an IEP. See J.W. ex rel. J.E.W. v. Fresno Unified School Dist., 626 F.3d 431, 432 (9th Cir. 2010). Because Plaintiffs' claims for relief and supporting factual allegations as provided in the original complaint were largely directed at Defendants' purported failure to implement C.R.'s IEP and BIP, and the resultant denial of a FAPE to C.R., the Court found Plaintiffs' claims were intertwined with the IDEA and exhaustion was required. See 20 U.S.C. § 1400 et seq. This is still the case.

Once again, Plaintiffs' pleading makes many references to C.R.'s IEP and BIP, and to Defendants' failure to implement them. E.g., FAC ¶¶ 13, 15-18, 21, 24, 25, 31, 33, 36, 39, 40, 42, 46, 51. And even though Plaintiffs have attempted in the FAC to outline the conduct that they claim violates Section 504, the ADA, and Section 1983 without mention of the alleged failure to implement C.R.'s IEP (e.g., FAC ¶¶ 58, 59, 61, 63, 65-70, 72-80), each new cause of action continues to reallege and incorporate all preceding paragraphs, which paragraphs contain endless references to the failed IEP. As before, this makes it impossible for the Court to parse IDEA-based allegations from Defendants' other alleged misconduct.

The Court is sympathetic to Plaintiffs' claims that C.R.'s IEP and BIP were not properly implemented and that C.R. was allegedly denied a FAPE. Sympathies aside, however, a plaintiff must exhaust administrative remedies prior to bringing a lawsuit grounded in that denial of FAPE.

As previously provided, absent sufficient IDEA exhaustion a plaintiff may nonetheless be able to allege conduct that violates Section 504, the ADA, and Section 1983 outside of any alleged failure to implement an IEP, and outside of any alleged denial of FAPE. "If a disabled student would be able to make out a similarly meritorious constitutional claim—one that need not reference his disability at all—it is odd to suggest

6

that the IDEA would impose additional qualifications to sue, simply because he had a disability." Payne, 653 F.3d at 878-79.  Thus, while the Court is hesitant to again grant Plaintiffs leave to amend, it appears Plaintiffs may be able to accomplish this task by <u>redrafting</u> the FAC in a way that alleges misconduct wholly outside of Defendants' failure to implement C.R.'s IEP.  Consequently, leave to file an amended complaint is hereby GRANTED.  Plaintiffs are cautioned, however, that this is their final opportunity to do so.

## CONCLUSION

For the reasons described above, Defendants' motion to dismiss, ECF No. 20, is GRANTED.  Plaintiffs' FAC is DISMISSED with leave to amend.  Plaintiffs may file a Second Amended Complaint ("SAC") no later than twenty (20) days from the date of electronic filing of this order.  If Plaintiffs decline to file an SAC within that time period, the case will be dismissed with prejudice and without further notice.

IT IS SO ORDERED.

Dated: August 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE